IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | Case No.  22 CR 55 |
| **MATTHEW CLARK** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S AMENDED MOTION TO TRAVEL

The United States of America, by and through undersigned counsel, hereby responds to defendant's amended motion to travel seeking approval for an August trip to Sarajevo, Bosnia-Herzegovina and Zagreb, Croatia (the "Amended Motion").  ECF No. 28.  As explained more fully below, the government understands that the defendant has not been fully compliant with his conditions of pretrial release, including failing to report to pretrial services within the timeframe requested and failing to inform his pretrial officer about his proposed international trip.  If the defendant cannot fully comply with his conditions of release while he is in the country, he should not be permitted to travel internationally where pretrial services would have less ability to monitor and ensure his compliance.  In addition, after considering the factors outlined in 18 U.S.C. § 3142(g), it is clear that allowing the defendant to travel internationally poses a serious risk of flight as the defendant has not only a motive to flee, but also substantial assets that would permit him to flee.  As such, the United States respectfully requests that the Court deny the defendant's Amended Motion.

## I. Background

On February 3, 2022, a grand jury returned an Indictment charging the defendant Matthew Clark ("Clark") with one count of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349; one count of conspiracy to engage in prohibited commodities transactions and insider trading, in violation of 18 U.S.C. § 371; two counts of prohibited commodities transactions, in violation of 7 U.S.C. §§ 6c(a)(2) and 13(a)(2); and two counts of insider trading, in violation of 7 U.S.C. §§ 9(1) and 13(a)(5) and 17 C.F.R. § 180.1. Clark had an initial appearance on February 11, 2022. On February 14, 2022, Magistrate Judge Peter Bray entered conditions of release which, among other things, required Clark to report to pretrial services on a regular basis and to maintain or actively seek full-time, verifiable employment. ECF No. 17 at ¶ 8. The order also restricted Clark from traveling outside of Texas without court approval. *Id.*

To date, the defendant has filed four separate motions to travel domestically, which the government has not opposed. *See*, ECF Nos. 14, 18, 20, and 25.

On August 5, 2022, the defendant filed a motion to travel to Sarajevo, Bosnia-Herzegovina and Zagreb, Croatia (the "First Motion"). ECF No. 27. In his First Motion, the defendant represented that "Mr. Clark's pretrial supervisor is unopposed [to the international trip], in light of his behavior on pretrial release thus far." *Id.* On August 9, 2022, the defendant filed the instant Amended Motion and removed the representation that his pretrial supervisor was unopposed in light of his behavior on pretrial release. ECF No. 28.

## II. Section 3142(g) Factors

After being charged in an indictment, a defendant may be released on conditions, if the court determines that such conditions will "reasonably assure the appearance of the person" as

required for court proceedings and trial. 18 U.S.C. § 3142(c). Section 3142(g) lists the factors to be considered in setting those conditions.

Under § 3142(g)(1), the court "shall…take into account the available information" about the nature and circumstances of the offense. Here, the grand jury found that there was probable cause to charge Clark, *inter alia,* with a conspiracy to receive kickbacks in exchange for providing his employer's business to certain brokerages and with conspiracy to engage in prohibited trading practices as well as insider trading. The conspiracy to commit honest services wire fraud lasted nearly a decade and involved millions of dollars in kickbacks. For these offenses, the defendant's Sentencing Guidelines range is estimated to be 91 to 121 months' imprisonment.[1]

Under Section 3142(g)(2), the court is required to consider the "available information" about the weight of the evidence against the defendant. To date, the government has charged four other individuals—each of whom is named in the Indictment charging Clark—with conspiracy for their involvement with the defendant's charged conduct. *See, United States v. John Ed James,* No. 20-cr-695; *United States v. Mathew Webb,* No. 21-cr-233; *United States v. Lee Tippett,* No. 21-cr-364; and *United States v. Peter Miller,* No. 21-CR-570. All four individuals have pled guilty for their involvement in the schemes. *Id.* In addition, the government has produced in discovery memoranda of interview in which co-conspirators confirm Clark's involvement in the kickback and illegal trading conspiracies; communications between the defendant and his co-conspirators along with trade data that corroborates the insider trading allegations; and extensive bank records showing the kickbacks and subsequent laundering of those kickbacks. Further, it is the government's position that Clark also engaged in obstructive conduct, including, but not limited to, coordinating with at least one co-conspirator to provide false statements to a commodities

---

[1] At this time, the loss amount is anticipated to fall between $3.5 million and $9.5 million.

trading exchange that was conducting an investigation into related conduct in approximately 2016. *See,* Plea Agreement with Lee Tippett, No. 21-cr-364, ECF No. 18.

Under Section 3142(g)(3), the court is to consider the "available information" about the history and characteristics of the defendant. Clark does not have a criminal history and did self-surrender. However, as stated above, the government has reason to believe that Clark has previously engaged in conduct to obstruct a related investigation and as explained in more detail below, the government understands that Clark has not been fully compliant with his conditions of pretrial release, including informing his supervising officer about his requested international travel. In addition, Clark obtained millions in kickbacks and proceeds from the illegal trading scheme and worked for many years as an energy trader, which culminated with him serving as president of an energy company. As such, he has substantial financial means.

### III.   Argument

The Court should deny the defendant's Amended Motion because he has not been fully compliant with the conditions of his pretrial release, and he did not inform his pretrial officer about his requested international trip. As noted above, in his First Motion requesting to travel to Bosnia-Herzegovina and Croatia, the defendant represented that "Mr. Clark's pretrial supervisor is unopposed [to the international trip], in light of his behavior on pretrial release thus far." ECF No. 27. While the defendant removed that representation form the instant Amended Motion, he maintained that he has been "exemplary" while on pretrial release. ECF No. 28, at 2. The government understands that this is incorrect. Specifically, in response to the First Motion, the government attempted to contact Clark's pre-trial officer and learned that his pre-trial officer is out of the country until approximately August 15, 2022. The government instead spoke with Cynthia McMurray-Thompkins, the supervisor of Clark's pre-trial officer. Ms. McMurray-

Thompkins informed the government that she had communicated with counsel for the defendant and understood that there had been *no* conversation with Clark's pre-trial officer about the defendant's proposed international travel. As such, pre-trial services had *not* taken the position that it was unopposed to the travel request. Indeed, pre-trial services did not know about the request.

Ms. McMurray-Thompkins also informed the government that based on her review of Mr. Clark's file—contrary to the defendant's claim that he "has been exemplary for the past six months on which he has been on supervised release," *see* Amended Motion, at 2, the defendant has not been fully compliant with the terms of his pretrial release. Notably, Ms. McMurray-Thompkins indicated that the defendant has not always reported with pretrial services within the timeframe requested by the office and has had to be sent reminders to report. She also indicated that the defendant had, at times, failed to provide verification of his employment. Given the defendant's failure to comply with certain conditions of his release—including his failure to even inform his pretrial officer above the proposed travel—he should not be permitted to travel internationally. If he cannot comply with his conditions while he is in the country, he should not be permitted to travel outside of the country where it would be difficult, if not impossible, for pretrial services to monitor and ensure his compliance.

In addition, after considering the Section 3142(g) factors, the risk of the defendant's non-appearance as a result of his international travel is too great to allow.

First, even though there are extradition treaties between the United States and Bosnia-Herzegovina and between the United States and Croatia, those treaties will not necessarily guarantee extradition. Were the defendant to be detained in either country and the United States made a request for extradition, the country holding the defendant would have the ultimate authority

to decide whether extradite him or not. The process alone—to request and execute such a request—would likely cost the United States significant resources.

Second, there is no guarantee that Clark would stay in Bosnia-Herzegovina or Croatia once there. To date, Clark has provided *no* information about his intended travel plans. For example, the government (and presumably pretrial services) does not know the identity of his travel companion, does not have his flight information (including, most importantly, his return flight), nor information regarding where he intends to stay while abroad or how best to contact him. The fact that no such information has been provided when the defendant is scheduled to depart in less than a week is concerning at best. Even assuming the government had such information, if he travels abroad, law enforcement would be powerless to stop him from traveling to another country that does not have an extradition treaty or from simply disappearing.

Third, Clark presents a serious risk of flight and has substantial assets that would permit him to flee. As noted in his co-conspirators' plea agreements, Clark made millions from the illegal schemes. He also served as president of an energy and trading company, for which he was compensated handsomely. He has the means to travel abroad and to stay abroad indefinitely and to obtain whatever may be necessary to abscond. In addition, he has ample motive to flee—he is facing significant prison time as well as significant financial consequences for his conduct. And the weight of the evidence is against him. Indeed, at least four of the individuals involved in the conspiracies have pled guilty.

Restriction on travel is one of the conditions contemplated by the statute. *See* 18 U.S.C. § 3142(c)(B)(iv)(empowering a judicial officer to impose restrictions on, among other things, travel to assure defendant's appearance). International travel may be restricted for defendants

where allowing the travel would not meet the statute's requirement to "reasonably assure the appearance" of the defendant. *Id.*

For the reasons stated herein, allowing this trip will not reasonably assure the defendant's appearance, and the government respectfully requests that the Court deny the Amended Motion.

Respectfully submitted,

| | |
|---|---|
| Jennifer Lowery<br>U.S. Attorney<br>Southern District of Texas | Lorinda I. Laryea<br>Acting Chief, Fraud Section<br>Criminal Division<br>United States Department of Justice |
| By: */s/ Zahra Fenelon*<br>Zahra Fenelon<br>Assistant U.S. Attorney<br>Southern District of Texas<br>ZFenelon@usa.doj.gov<br>(713) 567-9342 | */s/ Della Sentilles*<br>Della Sentilles<br>Leslie S. Garthwaite<br>Trial Attorneys<br>Criminal Division, Fraud Section<br>Della.Sentilles@usdoj.gov<br>Leslie.Garthwaite@usdoj.gov<br>(202) 445-8793 (Sentilles) |

7

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day of August 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and provided an electronic copy to the defendant's counsel of record.

By: /s/ *Della Sentilles*
Della Sentilles
Trial Attorney
Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, D.C. 20005
Phone: (202) 445-8793
E-mail: della.sentilles@usdoj.gov